IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

v.                                      CRIMINAL ACTION NO. 2:08-cr-00100
RONALD L. SUTTON,

           Defendant.

**MEMORANDUM OPINION & ORDER**

Pending before the court are the defendant's Motion to Proceed Pro-Se [Docket 46], Motion to Appoint Counsel [Docket 47], Motion to Amend Judgment and Commitment Order [Docket 48], and Motion for Downward Departure [Docket 49].

The defendant's Motion to Amend Judgment and Commitment Order [Docket 48] is **DENIED**. The time that the defendant spent in home confinement was not "official detention" and does not qualify him for credit towards his sentence of imprisonment. *See, e.g., Reno v. Koray*, 515 U.S. 50 (1995); *Rodriguez v. Lamer*, 60 F.3d 745 (1995).

The defendant's Motion for Downward Departure [Docket 49] is also **DENIED**. I was aware of the defendant's health problems at sentencing. At that time, I found that the defendant's health issues did not outweigh the nature and circumstances of the offense and the history and characteristics of the defendant.

The defendant's Motion to Appoint Counsel [Docket 47] is **DENIED**. Federal Rule of Criminal Procedure 44(a) provides that a defendant who is unable to obtain counsel is entitled to have counsel appointed to represent him at every stage of the proceeding, unless the defendant

waives this right. However, this defendant's criminal case is currently closed; the proceedings are over. Accordingly, the defendant has no need of counsel.

The defendant's Motion to Proceed Pro-Se [Docket 46] is **DENIED** as moot, since there are no proceedings for the defendant to represent himself in.

The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: January 21, 2010

Joseph R. Goodwin, Chief Judge